UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHRISTOPHER NICHOLSON,

          Plaintiff,                Case No. 2:18-cv-91

v.                                          Honorable Robert J. Jonker

UNKNOWN VANDERSHAEGEN et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Prunick, Naeyaert, and Bauman. The Court will also dismiss Plaintiff's equal protection claims against all of the named Defendants.

**Discussion**

I.        Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officers Unknown Vandershaegen, Unknown Weberg, and Unknown Froberg, Prison Counselor Karen Prunick, Resident Unit Manager Joseph Naeyaert, and Warden Catherine Bauman.

Plaintiff alleges that on March 28, 2018, he was moved from the top bunk in cell 128 in Pine Unit to the bottom bunk in cell 138 in the same unit. Plaintiff immediately noticed raw sewage in the toilet and asked his cellmate about it. Plaintiff's cellmate explained that anytime the toilet in cell 139 was flushed, waste backed up into the toilet in cell 138. Plaintiff's cellmate further stated that this had been going on for at least five months. On March 29, 2018, the toilet backed up so forcefully that it caused waste to come out of the toilet and land on the wall and floor. Plaintiff was forced to use his blanket to clean up the waste. Plaintiff complained to Defendant Weberg, who told Plaintiff that he would have to talk to Defendant Prunick. Plaintiff asked Defendant Weberg for a blanket exchange, but he refused. Within the next couple of days, Plaintiff complained to Defendant Vandershaegen and asked for a new blanket. Defendant Vandershaegen refused to give Plaintiff a blanket and told him to talk to second shift officers.

Between April 2, 2018, and April 10, 2018, Plaintiff informed Defendant Froberg about the toilet malfunctioning and his need for a clean blanket. Defendant Froberg told Plaintiff that he did not care. Plaintiff kited Defendants Prunick, Naeyaert, and Bauman regarding the problems with his toilet and his need for a clean blanket several times in April. However, Plaintiff never received a response. On April 9, 2018, Plaintiff kited seeking medical attention because he

was suffering from vomiting, diarrhea, and weakness. On April 13, 2018, Plaintiff's cellmate was moved to another unit and Plaintiff got a new cellmate, James Earl Johnson. On April 17, 2018, Defendant Naeyaert denied Plaintiff's step I grievance. On April 23, 2018, Defendant Bauman granted Plaintiff's step II grievance appeal. Defendant Bauman then called the unit and forced Defendant Naeyaert to have the toilet fixed and to replace Plaintiff's blanket. Defendant Weberg subsequently gave Plaintiff a new blanket. However, Plaintiff's toilet was not fixed because Defendant Weberg stood outside of his cell and stated that he could not smell sewage.

On May 1, 2018, Plaintiff kited Defendant Bauman about the toilet. On May 8, 2018, the facility plumber came and attempted to fix Plaintiff's toilet by "pulling the pin." Plaintiff states that this helped the situation, but did not completely correct the problem. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' failure to have his toilet fixed and to give him a clean blanket violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01

(6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

As noted above, Plaintiff claims that the condition of his toilet caused feces and urine from the neighboring cell to back up into his toilet, and to occasionally be forced out of the toilet into the surrounding area. Plaintiff states that he was subjected to dangerous contamination from his toilet for a period of 40 days. Plaintiff also claims that he cleaned feces from the area surrounding his toilet by using his blanket and that Defendants refused to provide him with a clean blanket for a period of 25 days. Plaintiff contends that he became sick from the unsanitary condition of his cell.

Initially the Court notes that Plaintiff's claims against Defendants Prunick, Naeyaert, and Bauman do not rise to the level of an Eighth Amendment violation. As stated above, Plaintiff alleges that they did not respond to his initial kites, and that Defendant Naeyaert denied his step I grievance. Liability under § 1983 may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance

5

or kite. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, contrary to Plaintiff's assertion that Defendant Bauman was deliberately indifferent to his needs, Plaintiff alleges that she granted his step II grievance appeal by ordering that he be given a new blanket and that his toilet be fixed. After Plaintiff's toilet remained unfixed, Defendant Bauman responded to Plaintiff's second kite by again ordering that his toilet be fixed. Because Plaintiff fails to allege any facts showing that Defendants Prunick, Naeyaert, or Bauman acted with deliberate indifference, his Eighth Amendment claims against them are properly dismissed.

Plaintiff alleges that he spoke directly with Defendants Vandershaegen, Weberg, and Froberg, and that each of them refused to help Plaintiff get his toilet fixed or to give him a clean blanket. Plaintiff's Eighth Amendment claims against Defendants Vandershaegen, Weberg, and Froberg regarding the denial of a clean blanket and exposure to fecal contamination from the cell next to his are not clearly frivolous. Therefore, these claims may not be dismissed on initial review.

Plaintiff asserts that the conditions in his cell violated his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations make it clear that he and his roommate were both subjected to the same conditions and that there was no purposeful discrimination. Therefore, Plaintiff's equal protection claims are properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Prunick, Naeyaert, and Bauman and his equal protection claims against all of the Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated:   November 1, 2018           /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              CHIEF UNITED STATES DISTRICT JUDGE